**Victoria BEEKS, Appellant**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 09–1501.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 11, 2010.

Opinion filed: Feb. 4, 2010.

Abraham S. Alter, Esq., James Langton, Esq., Langton & Alter, Rahway, NJ, for Appellant.

Sheena V. Barr, Esq., Social Security Administration, Office of General Counsel, New York, NY, Eric P. Kressman, Esq., Social Security Administration, Philadelphia, PA, for Appellee.

Before: RENDELL, AMBRO, and CHAGARES, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Victoria Beeks appeals from the District Court's order affirming the determination of the Administrative Law Judge ("ALJ")

denying her claim for Social Security benefits.[1] For the reasons that follow, we vacate the District Court's order affirming the ALJ's decision and remand the case with instructions to return it to the Commissioner for further proceedings consistent with this opinion.

Because we write solely for the parties, we do not recite the facts giving rise to this appeal.[2] We exercise plenary review over legal issues and review the ALJ's factual findings to determine whether they are supported by substantial evidence. *Allen v. Barnhart,* 417 F.3d 396, 398 (3d Cir.2005). "Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir.2003) (internal quotation marks and citations omitted).

To determine disability, the ALJ uses a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *see also Plummer v. Apfel,* 186 F.3d 422, 428 (3d Cir.1999). If a finding of disability or non-disability is made at any point in the sequential analysis, the ALJ does not review the claim further. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ considers whether the claimant is engaged in substantial gainful activity ("SGA"). *Id.* § 404.1520(a). If he or she is so engaged, the claimant is not disabled regardless of his or her medical condition. *Id.* § 404.1520(b). If the claimant is not engaged in substantial gainful activity, step two requires the ALJ to consider whether an impairment or combination of impairments exists that significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* § 404.1520(c). If the claimant's condition is deemed severe, the analysis continues to step three, in which the ALJ determines whether the claimant's impairments meet all the specific medical criteria of one of the impairments listed in an appendix to the regulations, or, taken as a whole, are medically equal to one of them. *Id.* § 404.1520(a)(4)(iii). If so, he or she is found disabled and entitled to benefits; if not, the ALJ moves on to step four. *Id.* § 404.1520(d), (e). There, the ALJ assesses the claimant's "residual functional capacity." *Id.* § 404.1520(a)(4)(iv). If the claimant is deemed capable of doing his or her "past relevant work," the ALJ will find that he or she is not disabled. *Id.* If the claimant cannot perform past relevant work, then the ALJ proceeds to the final step, step five, to determine whether there is other work in the national economy that the claimant can perform. *Id.* § 404.1520(a)(4)(v).

Our problem at the outset is that we cannot determine the basis for the ALJ's ruling at step one. Substantial work "involves doing significant physical or mental activities," and "gainful work" is done "for pay or profit." *Id.* § 404.1572. Under the regulations, earnings derived from the work activity are generally the primary consideration in evaluating the work for substantial gainful activity purposes.[3] *See*

---

1. The ALJ's decision became the Commissioner's final decision on July 27, 2007, when the Appeals Council denied Beeks's request for review of the ALJ's decision. *See* 20 C.F.R. §§ 404.981, 416.1481.

2. The District Court had jurisdiction under 42 U.S.C. § 405(g), and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

3. The ALJ will consider "other information in addition to ... earnings if there is evidence indicating that [the claimant] may be engaging in substantial gainful activity or that [the claimant is] in a position to control when earnings are paid ... or the amount of wages paid...." 20 C.F.R. § 404.1574(b)(3)(ii).

*id.* § 404.1574(a)(1) ("Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity. However, the fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity."). If a claimant's earnings exceed guidelines set out in the regulation, a presumption arises that the claimant is engaged in substantial gainful activity. Work may be "substantial" even if it is done on a "part-time basis." *Id.* § 404.1572(a). However, a claimant may rebut the presumption by showing that his or her work is done under special conditions. *See id.* § 416.973(c) ("If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity.") (listing examples of special conditions).

Throughout the alleged period of disability, Beeks was employed part-time (20 hours per week) as a school aide. She was laid off in August 2006, about a month prior to the administrative hearing, due to funding cutbacks by the city. A.R. 288. At the time of her layoff, she was earning $10.50 per hour. Prior to 2006, her annual earnings were as follows: $7,990 in 2002, $8,956.50 in 2003, $7,145.25 in 2004, and $7,883.88 in 2005. A.R. 56.

At step one, the ALJ found that Beeks "was working during most of the time she alleged disability," earning $10.50 per hour, 20 hours per week. A.R. 20. While Beeks claimed she was afforded special accommodations at work, the ALJ found that those accommodations consisted merely of co-workers occasionally helping her, and this was not a formal accommodation. The ALJ concluded that, as compared to the other employees in her position, Beeks worked the same number of hours, was expected to do the same work, and was paid the same amount. Beeks's recent layoff resulted from funding cuts, not her disability, and the ALJ noted that Beeks was collecting unemployment, for which she must certify she is ready, willing, and able to work. The ALJ concluded that Beeks's employment "equated to substantial gainful activity,"[4] and that "the only reason she [wa]s not working more hours is that her job does not allow for any more, not for any other reason." A.R. 19–20.

In this analysis, however, the ALJ failed to consider (or mention) that Beeks's earnings as a school aide after the alleged onset of her disability, except in 2006, were less than the average monthly allowance for presumed substantial activity. To illustrate, dividing Beeks's 2004 earnings by the twelve months in which they were earned, she earned an average of $595.44 per month in 2004, below the substantial gainful activity earnings guideline for 2004 of $810. *See* http://www.ssa.gov/OACT/COLA/sga.html. The same holds true for 2002 ($665.83, below the $780 threshold), 2003 ($746.38, below the $800 threshold), and 2005 ($656.99, below the $830 threshold). For these years, Beeks's employment is not presumptively substantial activity. Because the ALJ failed to recognize this issue and consider it in his step one analysis, we must vacate and remand.

We note further that the ALJ continued to steps two through four without stating whether he was proceeding in the alternative or proceeding past step one only as to the period in which Beeks was unemployed

---

4. A heading in the ALJ's decision states that Beeks "has not engaged in substantial gainful activity since October 1, 2002, to the alleged onset date." A.R. 18. We agree with the District Court that the ALJ's inclusion of the word "not" in this heading was a typographical error, given the analysis the ALJ conducted at step one.

(after August 2006). While we could reconcile the ALJ's analysis by concluding that steps two through four analyzed whether Beeks was disabled only during the period she was unemployed, this would be guesswork on our part. Moreover, at step four "past relevant work" must also be substantial gainful activity. 20 C.F.R. § 404.1560(b)(1). The ALJ concluded that Beeks had the residual functional capacity to perform light work and could perform her past relevant work as a school aide. The ALJ's reconsideration of step one on remand may affect whether Beeks's work as a school aide constitutes "past relevant work."

Therefore, we vacate and remand for further elaboration of the step one analysis, particularly as to whether Beeks's work as a school aide constituted SGA throughout the entire alleged period of disability.